UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
JOHN ARMANDO QUESADA,　　　　　　　　　:
individually and on behalf of others　　　　　　　　:
similarly situated,　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　Plaintiff,　　　　　　　　　　　　: **MEMORANDUM**
　　　　　　　　　　　　　　　　　　　　　　　　　　　: **DECISION AND ORDER**
　　　　　　-against-　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　: 20-cv-5639 (BMC)
　　　　　　　　　　　　　　　　　　　　　　　　　　　:
HONG KONG KITCHEN INC. (D/B/A　　　　　　:
HONG KONG) and WU J. LIN,　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　Defendants.　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　:
----------------------------------------------------------- X

**COGAN**, District Judge.

　　　　This wage case arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and corresponding provisions of the New York Labor Law ("NYLL"). The Clerk has entered a default based on both defendants' failure to answer, and before me is plaintiff's motion for a default judgment. The motion is granted for the reasons set forth below.

　　　　Plaintiff worked as a delivery person for the defendant restaurant for less than three months in 2020. The restaurant is owned or operated by the individual defendant. Plaintiff worked five days a week for 45–47 hours a week and was paid $45 in cash per shift regardless of how many hours he worked. As best he knows, defendants maintained no documentation tracking his hours, and they never provided him with pay stubs or wage statements. In addition, to get the job, defendants required him to purchase an electric bicycle and accessories so he could make deliveries.

　　　　It is hornbook law that on a motion for default judgment, the well-pleaded allegations of the complaint pertaining to liability are accepted as true. See Greyhound Exhibitgroup, Inc. v.

E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). In the instant case, the complaint's allegations are sufficient to establish liability.

It is equally well-settled that on a motion for a default judgment, a defendant's default does not constitute an admission as to the damages claimed in the complaint. See Finkel v. Romanowicz, 577 F.3d 79, 83 n.6 (2d Cir. 2009). The burden is on plaintiff to establish, by a reasonable certainty, his entitlement to the relief requested. See Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). To determine damages, the court may conduct an inquest, see Fed. R. Civ. P. 55(b)(2), or it may rely on the affidavits and other documentary evidence provided by plaintiff, obviating the need for a hearing on damages, see Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015).

There is no need for an inquest here. Plaintiff's affidavit constitutes adequate proof of the time that he worked, and his attorney has taken that narrative and created a spreadsheet showing each element of damages recoverable under the FLSA or state law. He is owed $6120 for unpaid minimum wages and overtime, and the same amount for liquidated damages. Prejudgment interest at 9% per annum, see N.Y. C.P.L.R. § 5004, on the $6120 starting from the mid-point of his employment to the date of this decision, comes to $369.72. In addition, he is owed $5000 for the failure to provide him with a wage notice when he commenced his employment, see NYLL §§ 195(1) & 198(1-b), and another $5000 for failure to provide him with pay stubs, see NYLL §§ 195(3) & 198(1-d).

There are two items of damages that I will not allow. First, plaintiff asserts that he is entitled to $2260 for his electric bicycle and accessories. Although the required purchase of "tools of the trade" may be reimbursable, see 29 C.F.R. § 531.35; NYLL § 193; 12 N.Y.C.R.R. §

142-2.10, plaintiff has offered no proof of the cost of these items, not even a sworn statement averring that he incurred that or any expense. See Oram v. SoulCycle LLC, 979 F. Supp. 2d 498, 507 (S.D.N.Y. 2013). Nor has he told me whether he was allowed to keep these items or had to leave them at the business, or whether he is using them currently for personal or work purposes. To the extent that plaintiff enjoyed personal use of the items during or after his employment or continued to use them in subsequent employment, an apportionment of cost would be required, but plaintiff has given me no data that would allow such an apportionment. That item of claimed damage will therefore not be awarded.

Second, plaintiff requests that the judgment provide that if it is not paid within 90 days, it will increase by 15%. That is required for a New York state court judgment, see NYLL § 198(4), but once a federal judgment has been entered, all claims, state and federal, are merged into it, and any state court provisions addressed to the judgment no longer apply. For example, any post-judgment interest will accrue at the much lower federal rate, see 28 U.S.C. § 1961, not the rate under N.Y. C.P.L.R. § 5004 of 9%. See Westinghouse Credit Corp. v. D'Urso, 371 F.3d 96, 102 (2d Cir. 2010); Cappiello v. ICD Publ'ns, 868 F. Supp. 2d 55, 59-60 (E.D.N.Y. 2012). Plaintiff could have brought this action in state court but chose to bring it in federal court, and the resultant judgment will be treated like any other federal judgment.

Finally, plaintiff seeks attorneys' fees equal to 1/3 of the damage award, or $7536.57.[1] The lodestar is less – based on plaintiff's attorneys' rates and time expended, both of which I find are reasonable – it comes to $4977.50. Nevertheless, the claim for 1/3 of the damages

---

[1] Plaintiff's counsel requested "one-third of the judgment amount (that is, the amount of damages plus attorneys' fees and costs)," suggesting that he wants the Court to award attorneys' fees based in part on the award of attorneys' fees. Instead, I will grant attorneys' fees in the amount of one-third of plaintiff's damages, which is still substantially greater than the lodestar amount and is customary. See De Jesus v. Sea Crest Diner-Rest., No. 17-CV-275, 2018 WL 3742778, at *11 (E.D.N.Y. May 7, 2018), report and recommendation adopted, 2018 WL 6418893 (E.D.N.Y. Dec. 6, 2018).

awarded is appropriate. First, plaintiff's retainer agreement allows for more – 40%. Second, not only are there the usual contingencies present in a wage suit against a small company, but defendants' default suggests that plaintiff and his attorneys will have an even harder time enforcing the judgment, creating a larger contingency for which the attorneys are at additional risk.

The claimed costs of $475, consisting of filing and service fees, are also reasonable.

## CONCLUSION

Plaintiff's motion for a default judgment [17] is granted. The Clerk is directed to enter judgment in favor of plaintiff and against defendants, jointly and severally, in the amount of $22,609.72 in damages, plus $7536.57 in attorneys' fees and $475 in out-of-pocket costs, for a total of $30,621.29.

**SO ORDERED.**

Digitally signed by Brian M. Cogan

U.S.D.J.

Dated: Brooklyn, New York
       March 5, 2021